**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| KEYCORP, | ) | CIVIL ACTION NO. 3:16-cv-01948-D |
| | ) | |
| Plaintiff, | ) | JUDGE FITZWATER |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLISON HOLLAND, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND RULE 34
EXAMINATION OF COMPUTER SYSTEMS**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff KeyCorp ("Key") hereby moves this Court for an Order permitting Plaintiff to conduct limited discovery on an expedited basis, including Rule 34 inspections of Defendants' computer networks, workstations, devices, and email accounts to be completed in advance of any hearing scheduled on Plaintiff's Motion for Preliminary Injunction (Doc. No. 23) (the "Motion"). A memorandum in support of this motion is attached.

Dated:  August 24, 2016                                  Respectfully submitted,


*/s/ Steven S. Kaufman*
Steven S. Kaufman (OH – 0016662)
Chad D. Cooper (OH – 0074322) **\***
Ashtyn N. Saltz (OH – 0089548) **\***
**KAUFMAN & COMPANY, LLC**
1001 Lakeside Avenue – Suite 1710
Cleveland, Ohio  44114
PH:  216.912.5500
FX:  216.912.5501
*Steve.Kaufman@Kaufman-Company.com*
*Chad.Cooper@Kaufman-Company.com*
*Ashtyn.Saltz@Kaufman-Company.com*

**\* Admitted *Pro Hac Vice***


Jacqueline C. Johnson (TX – 00790973)
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
PH:  214-880-8100
FX:  214-880-0181
*jjohnson@littler.com*

Attorneys for Plaintiff KeyCorp

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEYCORP, | ) | CIVIL ACTION NO. 3:16-cv-01948-D |
| | ) | |
| Plaintiff, | ) | JUDGE FITZWATER |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLISON HOLLAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY AND RULE 34 EXAMINATION OF COMPUTER SYSTEMS**

**I.   INTRODUCTION**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff KeyCorp ("Key") hereby moves this Court for an Order permitting Plaintiff to conduct limited discovery on an expedited basis, including Rule 34 inspections of Defendants' computer networks, workstations, devices, and email accounts to be completed in advance of any hearing scheduled on Plaintiff's Motion for Preliminary Injunction (Doc. No. 23) (the "Motion"). This request for expedited discovery is necessary and in substantial aid of Plaintiff's Motion.

**II.   FACTS**

Plaintiff seeks necessary, targeted, and expedited discovery in support of a motion for limited, preliminary injunctive relief to preserve the status quo. On August 17, 2016, Plaintiff filed the Motion (Doc. No. 23). As set forth more fully in the pending Memorandum of Law in Support of the Motion, Plaintiff moves to enjoin Defendants Allison Holland ("Holland"), and Fortunatus Martin Mbeteni ("Mbeteni") (collectively "Defendants") from directly or indirectly further disclosing or utilizing Key's confidential, proprietary, and/or trade secret information, including

3

prospect lists, customer information, proprietary analytical tools known as "sizers," proprietary client memoranda and templates, market research, and other confidential and trade secret information, in violation of Ohio law, and various agreements between Key, Holland, and Mbeteni. These two Defendants have already admittedly violated these laws and agreements.

Here, Key has diligently and persistently tried to work with Defendants to ensure that Key's confidential information is *preserved* and removed from Defendants' computers and devices in a forensically sound manner. Despite these efforts, Defendants have never agreed to do anything more than delete electronic documents and information that they determine should be deleted with no oversight or verification by Key, a wholly inadequate step. Key is entitled and necessarily seeks to retain its own consultant to thoroughly investigate and forensically verify the scope of Defendants' possession and use of Key's documents and information. Key's consultant will ensure that Key does not continue to suffer harm, determine the scope of any harm done, and preserve the evidence. As set forth in Plaintiff's Memorandum of Law in Support of the Motion, Plaintiff already presented evidence that Defendants materially misappropriated Plaintiff's trade secrets, breached their confidentiality agreements, and (as to Holland) breached the terms of her non-solicitation agreement. Declaration of Deborah Newman ("Newman Decl."), ¶¶ 54 – 58, 60 – 62; the Newman Decl. is attached to the Motion as **Exhibit 1**; Declaration of Matthew Ruark ("Ruark Decl."), ¶ 4; the Ruark Decl. is attached to the Motion as **Exhibit 3**.

Plaintiff requests that the Court authorize written discovery requests, including Requests for Production of Documents and Requests for Admissions with Interrogatories, to be answered on an expedited basis within fifteen (15) days of the date the Court executes the accompanying proposed order. Plaintiff's proposed discovery requests, attached hereto as Exhibits 1 and 2, are narrowly tailored to the critical discovery needed to enable the Court to assess the parties'

4

respective interests at a preliminary injunction hearing – namely, information and documents limited to the topics raised in Plaintiff's application for injunctive relief: (1) Defendants' breach of the Trade Secret Agreement; (2) Holland's breach of the Acceptance Agreement; and (3) Defendants' misappropriation of trade secrets and confidential information under Ohio law.

In the event the Court schedules a hearing on the Motion, Plaintiff seeks to depose Holland and Mbeteni before the scheduled hearing. The likely benefit of this discovery will be to conserve the resources of the parties and the Court, to expedite resolution of this case, and ultimately to give the Court an evidentiary basis of facts and admissions for a preliminary injunction to prevent further significant and irreparable harm to Plaintiff.

## III. ARGUMENT

### A. This Court has Broad Discretion to Permit Expedited Discovery upon a Showing of Good Cause.

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). A district court may order expedited discovery upon a showing of good cause. *See* Fed. R. Civ. P. 26(d)(1) (permitting early discovery where authorized by court order); *Turner Indus. Grp., LLC v. Int'l Union of Operating Engineers, Local 450*, No. CIV.A. H-13-0456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013) ("Although the federal rules usually bar a party from seeking discovery from any source before the Rule 26(f) conference, upon a showing of good cause the court may order expedited discovery."). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (internal quotations omitted).

### B.     Good Cause Exists for Expedited Discovery in Advance of a Preliminary Injunction Hearing.

Good cause exists for expedited discovery, and Plaintiff's discovery requests are reasonable under the circumstances. Foremost, there is good cause for expedited discovery where, as here, Plaintiff seeks discovery in support of a motion for limited, preliminary injunctive relief to preserve the status quo. Courts routinely order expedited discovery in cases where the plaintiff seeks discovery in advance of preliminary injunction proceedings. *See, e.g.*, *S.E.C. v. Stanford Int'l Bank, Ltd.*, No. 3-09CV0298-L, 2009 WL 9123278, at *1 (N.D. Tex. Feb. 17, 2009) ("Expedited discovery is appropriate to permit a prompt and fair hearing on the Commission's Motion for Preliminary Injunction."); *Tracfone Wireless, Inc. v. Wazir-Ali*, No. CIV.A. H-08-0641, 2008 WL 10901781, at *1 (S.D. Tex. Mar. 17, 2008) ("[E]xpedited discovery [is] appropriate in cases involving a request for preliminary injunctive relief."); *Providence Prop. & Cas. Ins. Co. v. Peoplease Corp.*, No. 4:06CV285, 2007 WL 2241492, at *2 (E.D. Tex. Aug. 3, 2007) ("Further, having considered [Plaintiff's] request for expedited discovery, the Court finds that the documents [Plaintiff] has requested will aid the Court in determining whether to grant Providence's request for preliminary injunction."); *see also* Fed. R. Civ. P. 26 advisory committee's note (1993 amendment to subdivision (d)) (expedited discovery "appropriate in some cases, such as those involving requests for a preliminary injunction").

Here, Plaintiff seeks a preliminary injunction. Expedited discovery will enable Plaintiff to provide the Court with a fuller record upon which to judge the parties' relative interests and likelihood of success on the merits at a preliminary injunction hearing. The prejudice to Defendants pales in comparison to these benefits.

### C. Forensic Examination of Defendants' Computer Networks, Workstations, Devices, and Email Accounts is Appropriate Here.

Plaintiff seeks an order providing for access to Defendants' computers, devices, and email accounts for a forensic examination to assist in the identification and removal of all of Plaintiff's confidential and trade secret information that Defendants are improperly holding and to preserve the evidence. In cases involving trade secrets and confidential information courts may order inspection of computers to identify misappropriated information. *See e.g., M-I L.L.C. v. Stelly,* No. CV H-09-1552, 2011 WL 12896025, at *1-3 (S.D. Tex. Nov. 21, 2011) ("Therefore, Plaintiff is entitled to discovery in order to determine whether any of its confidential information or trade secrets were uploaded to Defendant WES's computers.") citing *Frees, Inc. v. McMillian*, No. 05–1979, 2007 WL 184889, at *2 (W.D.La. Jan. 22, 2007) ("[Plaintiff] is entitled to production of the requested computers because such computers are, if [Plaintiff's] allegations are true, among the most likely places [Defendant] would have downloaded or stored the data allegedly missing from [Plaintiff's] laptop. As such, the request is reasonably calculated to lead to the discovery of admissible evidence."); *Ameriwood Industries, Inc. v. Liberman*, No. 4:06 CV 524–DJS, 2006 WL 3825291, at *4 (E.D.Mo. Dec. 27, 2006), amended by 2007 WL 685623 (E.D.Mo. Feb. 23, 2007) ("Particularly, allegations that a defendant downloaded trade secrets onto a computer provide a sufficient nexus between plaintiff's claims and the need to obtain a mirror image of the computer's hard drive."); *see also Charles Schwab & Co. v. Newton*, No. 3:16-CV-00236, 2016 WL 1752767, at *1 (M.D. La. May 2, 2016) (ordering defendant "make any and all such data, devices and media available for inspection, imaging and duplication by Plaintiff's counsel and/or Plaintiff's computer forensic consultants" and that "[a]fter imaging and inspection of the electronic devices by [Plaintiff], any [Plaintiff] or client information shall be deleted and/or purged from the devices by [Plaintiff]").

Accordingly, the Court should Order that Plaintiff be permitted to make Rule 34 inspections of Defendants' computers, devices, and email accounts to identify and remove Plaintiff's confidential and/or trade secret information.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion for Expedited Discovery and Rule 34 Examination of Computer Systems, and order that: (1) the parties immediately be permitted to serve written discovery requests, including Requests for Production, and Requests for Admissions with Interrogatories, to be answered within fifteen (15) of the date of the Court's execution of the Proposed Order Granting Motion for Expedited Discovery and Rule 34 Examination of Computer Systems, substantially in the form attached hereto as Exhibits 1 and 2; (2) Plaintiff be permitted to take depositions at least 14 days in advance of any scheduled hearing; (3) Defendants be permitted to take depositions at least 7 days in advance of any scheduled hearing; and (4) that Plaintiff be permitted to make Rule 34 inspections of Defendants' computers, devices, and email accounts at least 7 days in advance of any scheduled hearing.

Dated:  August 24, 2016                    Respectfully submitted,


*/s/ Steven S. Kaufman*
Steven S. Kaufman (OH – 0016662)
Chad D. Cooper (OH – 0074322) **\***
Ashtyn N. Saltz (OH – 0089548) **\***
**KAUFMAN & COMPANY, LLC**
1001 Lakeside Avenue – Suite 1710
Cleveland, Ohio  44114
PH:  216.912.5500
FX:  216.912.5501
*Steve.Kaufman@Kaufman-Company.com*
*Chad.Cooper@Kaufman-Company.com*
*Ashtyn.Saltz@Kaufman-Company.com*

**\* Admitted *Pro Hac Vice***


Jacqueline C. Johnson (TX – 00790973)
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
PH:  214-880-8100
FX:  214-880-0181
*jjohnson@littler.com*

Attorneys for Plaintiff KeyCorp

**CERTIFICATE OF CONFERENCE PER LOCAL RULE 7.1(B)**

Plaintiff's Motion for Expedited Discovery and Rule 34 Examination of Computer Systems is opposed by Defendants Holland and Mbeteni. Counsel for Key, Chad Cooper, emailed counsel for Defendants Holland (Phillip Colicchio) and Mbeteni (Ugy Offoboche) on August 22, 2016 seeking consent to the proposed order for expedited discovery.  On August 22, 2016, counsel for Mbeteni, Ms. Offoboche, opposed the proposed order regarding expedited discovery.  Counsel for Holland, Mr. Colicchio, has not responded to Mr. Cooper's request that Holland consent, despite the fact that Mr. Cooper advised Mr. Colicchio that Plaintiff planned to file a motion for expedited discovery on August 23, 2016.

*/s/ Steven S. Kaufman*
Steven S. Kaufman (OH – 0016662)

One of the Attorneys for Plaintiff KeyCorp

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2016, I caused a copy of the foregoing *Plaintiff's Motion for Expedited Discovery and Rule 34 Examination of Computer Systems* to be served via the Court's CM/ECF System on all counsel of record.

> */s/ Steven S. Kaufman*
> Steven S. Kaufman (OH – 0016662)
>
> One of the Attorneys for Plaintiff KeyCorp