IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEYCORP, | ) | CIVIL ACTION NO. 3:16-CV-01948-D |
| | ) | |
| Plaintiff, | ) | JUDGE FITZWATER |
| | ) | |
| vs. | ) | MAGISTRATE HORAN |
| | ) | |
| ALLISON HOLLAND, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT HOLLAND'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

Pursuant to Fed. R. Civ. P. 37, Plaintiff KeyCorp ("Key"), moves the Court for an Order compelling Defendant Allison Holland ("Holland") to provide complete responses to Key's First Set of Requests for Admission and Interrogatories and First Set of Requests for Production of Documents and to produce responsive documents within seven days of the filing of this Motion in furtherance of the expedited discovery already ordered by the Court.

As set forth more fully in the attached Memorandum in Support of this Motion, Holland failed to produce any documents in response to Key's Requests for Production and raised unsupported objections to many of Key's Requests for Admission. Key's attempts to resolve the dispute with Holland were unsuccessful. Accordingly, Key requests that the Court compel Holland to respond immediately to all discovery requests and produce all documents responsive thereto, and award Key all expenses, including attorneys' fees and costs incurred in connection with this Motion and the related discovery dispute.

Respectfully submitted,

 */s/ Chad D. Cooper*
Steven S. Kaufman (OH – 0016662)
Chad D. Cooper (OH – 0074322)*
Ashtyn N. Saltz (OH – 0089548)*
**KAUFMAN & COMPANY, LLC**
1001 Lakeside Avenue – Suite 1710
Cleveland, Ohio  44114
PH:  216.912.5500
FX:  216.912.5501
*Steve.Kaufman@Kaufman-Company.com*
*Chad.Cooper@Kaufman-Company.com*
*Ashtyn.Saltz@Kaufman-Company.com*

**\*Admitted *Pro Hac Vice***

Jacqueline C. Johnson (TX – 00790973)
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
PH:  214-880-8100
FX:  214-880-0181
*jjohnson@littler.com*

Attorneys for Plaintiff KeyCorp

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEYCORP, | ) | CIVIL ACTION NO. 3:16-CV-01948-D |
| | ) | |
| Plaintiff, | ) | JUDGE  FITZWATER |
| | ) | |
| vs. | ) | MAGISTRATE HORAN |
| | ) | |
| ALLISON HOLLAND, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DEFENDANT HOLLAND'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

**I.   INTRODUCTION**

Plaintiff KeyCorp ("Key") brings this Motion to Compel ("Motion") due to Defendant Allison Holland's ("Holland") absolute failure to respond to Key's Requests for Production of Documents and her evasive responses to several Requests for Admissions. Holland wholly failed to produce any documents responsive to Key's Document Requests and has raised unsupportable objections to Key's Requests for Admissions. When Key tried to resolve the discovery dispute, Holland insisted without budging that the responses were fine. As a result, Key is forced to file this Motion to resolve Holland's discovery deficiencies. Key respectfully requests that this Court compel Holland to respond immediately to all outstanding discovery and to award Key all expenses, including attorneys' fees and costs, incurred in connection with the filing of this Motion and the related discovery dispute.

**II.   FACTS**

On July 29, 2016, Key propounded the following discovery requests on Holland: 1) Plaintiff's First Set of Requests for Admission and Interrogatories and 2) Plaintiff's First Set of

3

Requests for Production of Documents. On September 15, 2016, the Court granted Plaintiff's Motion for Expedited Discovery and Rule 34 examination of computer systems as to Holland. On September 30, 2016, Holland responded to both sets of discovery. A copy of Holland's responses is attached as Exhibit 1. Despite the fact that in several places Holland says, "See also Holland's Document Production," Holland produced not a single document to Key. Further, Holland failed to explain or support many of her objections to Key's Requests for Admissions.

On October 4, 2016, Key sent a detailed deficiency letter to Holland requesting that she cure the deficiencies by the close of business on October 6, 2016. A copy of Key's October 4, 2016, letter is attached as Exhibit 2. Instead of curing the deficiencies, on October 7, 2016, Holland insisted that Holland's responses were "in compliance with the Order and [we] stand by our objections." A copy of Holland's October 7, 2016, email is attached as Exhibit 3. Holland takes the position that she has fulfilled her obligations to provide discovery simply by making her computer devices available for forensic inspection.

To the contrary, Holland is hamstringing Key's efforts to adequately prepare for the submission of its Motion for Preliminary Injunction to the Court on November 11, 2016. Key is seeking depositions of Holland and Defendant, Martin Mbeteni, during the last week of October. Key, however, has no documents from Holland, as well as evasive responses to Requests for Admissions. Key has done all that it can to resolve the discovery issue and court action is now necessary to compel Holland's cooperation.

## III.   LAW AND ARGUMENT

Discovery under the Federal Rules of Civil Procedure is traditionally broad. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." "[T]he discovery rules 'are to be accorded a broad and liberal treatment,'" so that litigants may be

adequately informed. *Heller v. City of Dallas*, 303 F.R.D. 466, 489 (N.D. Texas 2014), quoting *Hickman v. Taylor*, 329 U.S. 495, 507–508, 67 S.Ct. 385, 91 L.Ed. 451 (1947). *See SSL Services, LLC v. Citrix Systems, Inc.*, 2010 WL 547478, *1 (E.D. Texas Feb. 10, 2010), citing *Herbert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979).

A party may move to compel discovery provided that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Here, Holland failed to respond properly to Key's discovery. Key tried in good faith to resolve the deficiencies in Holland's production. Pursuant to Fed. R. Civ. P. 37, this Court should compel Holland to provide complete responses to Key's Requests for Production of Documents and Requests for Admission.

### A. Key's Forensic Examination of Holland's Devices Does Not Exempt Her From Responding to Key's Requests for Production of Documents.

Holland produced no documents in response to Key's request for documents, even though she references "Holland's Document Production." Holland objected to nearly every document request on the grounds that the documents are already in Key's possession or are "equally accessible" to Key on account of the forensic inspection being performed in this case. *See* Request for Documents Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, 14, 15, 16, and 17. Holland's objection is wrong.

A party is entitled to seek discovery of documents from a party regardless of whether the documents may be retrieved from another source. *See Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Texas 2016). Further, merely because a forensic inspection of computer equipment is conducted, a party is not allowed to ignore document requests. *See Wynmoor Community Council, Inc. v. QBE Insurance Corporation*, 280 F.R.D. 681 (S.D. Fla. Mar. 5, 2012); *Carolina*

*Materials LLC v. Continental Cas. Co.*, 2009 WL 4611519 (W.D. North Carolina 2009); *Dawe v. Corrections USA*, 263 F.R.D. 613, 620 (E.D. California 2009); *Orrell v. Motorcarparts of America, Inc.*, 2007 WL 4287750 (W.D. North Carolina Dec 5, 2007).

Key's document requests are not controversial in the least. Key seeks documents pertaining to: (1) Key information taken by Holland; (2) Holland's employment with Capital One; (3) Holland's contact with Key employees after leaving Key's employment; (4) Capital One's forensic search for Key's information; and (5) Holland's contacts with Key's customers while employed by Capital One.

Holland insists that she has done all she is required to do by making her iPad and iPhone[1] available for inspection. Holland ignores that the primary purpose of the forensic inspection is for Key to locate its **own** documents – documents that Key already knows and has attributes for, as extensively detailed in the search protocol submitted to the Court (see Doc. No. 70-6) in response to the Motion for Protective order filed by Ebonie Mbeteni (Doc. No. 67). Furthermore, what Holland fails to acknowledge is that pawning her obligations off on the forensic inspection completely shifts the burden to Key to determine what responsive documents exist, what they are called, where they may be located, and what search terms will retrieve them. Key will not know whether Holland has documents that are not maintained in electronic format which are not revealed by the forensic inspection. Key will not know whether Holland has any documents which were not revealed through the forensic inspection because they are in an unsearchable format. Holland's assertion of the "easily accessible" objection to nearly every document request is utterly intolerable and hides the ball from Key. The Court should order Holland to completely

---

[1] According to Holland, however, she dropped her iPhone into a pool of water the day before the forensic inspection, which has hampered Key's efforts to inspect that device.

6

respond to Key's Requests for Production of Documents by producing responsive documents within seven days of this Motion.

### B. Holland's Boilerplate Objections Do Not Comply with the Federal Rules.

Holland repeatedly objected in a boilerplate fashion to Key's Requests for Production as vague, ambiguous, overbroad, misleading, inaccurate, based upon facts not in evidence, based upon incorrect assumption, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. *See* Request for Documents Nos. 1, 2, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16 and 17. Boilerplate objections on their own do not comply with Fed. R. Civ. P. 34(b)(2)(C) as it was amended in 2015: "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

Key is entitled to know whether Holland is withholding any documents based on the boilerplate objections. The Court should require Holland to do so.

### C. Holland's Objections Based on Confidentiality and Privilege are Lacking.

Holland appears to conceal production of certain documents based on confidentiality or privilege, although the written responses fail to provide enough information for Key to know. In the Responses, Holland objected that some responsive documents are confidential or proprietary (Nos. 14, 15, 16, and 17) and some are privileged (Nos. 13, 14, 15, 16, and 17). Among other problems with these two objections, there are two problems that loom the largest. First, confidentiality is not a valid reason for withholding production of documents where a protective order issued by the Court protects confidential information. *Slide Fire Solutions, LP v. Bump Fire Systems, LLC*, 2016 WL 3352006, *4-*5 (N.D. Texas 2016). Second, assertion of privilege as a reason for withholding production of documents requires support with a privilege log. Fed. R. Civ. P. 26(b)(5).

Because the Court issued a Stipulated Protective Order in this case – and held a lengthy hearing on its benefits and protections – the Court should overrule Holland's confidentiality objection and compel production of responsive documents. Because Holland failed to produce a privilege log, the Court should compel her to do so or clarify that no documents are being withheld on the basis of privilege.

### D. The Documents Sought in Key's Document Request No. 8 are Relevant and Discoverable.

In Request for Documents No. 8, Key sought: "All documents relating to any review or analysis performed to attempt to locate all Key Information and Mbeteni transferred into Capital One's computer network." Holland responded: "Holland did not perform any such review or analysis." Holland evaded the question. Regardless of whether she actually performed the review herself, she could have responsive documents in her possession. The Court should order Holland to produce responsive documents or clarify that she has none.

### E. Holland Failed to Comply with Rule 36 in her Responses to Key's Requests for Admissions.

For a handful of Key's Requests for Admissions, Holland simply avoided providing any substantive response, because she does not want to. She claims she can neither admit nor deny certain requests and that others require her to speculate. She completely fails to explain any basis for these objections and responses, and the context reveals there is no reason she cannot provide real responses.

Rule 36 requires, "[i]f a matter is not admitted, the answer must specifically deny it or state *in detail* why the answering party cannot truthfully admit or deny it." (emphasis added). *See Henson v. General Motors LLC*, 2014 WL 11515721, *1 (N.D. Texas Dec. 22, 2104), quoting *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific

objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection ...."").

Holland evaded giving any real response to Requests for Admissions Nos. 7, 11, 12, 13, and 17. Collectively, they seek these admissions:

> No. 7: that to Your knowledge Key spends time, money, and resources developing information and documents that it uses in its health care commercial real estate business line.
>
> No. 11: that to Your knowledge Capital One engages or plans to engage in the health care commercial real estate finance business.
>
> No. 12: that to Your knowledge Key never consented to Capital One using any Key Information taken from Key by either You or Mbeteni.
>
> No. 13: that when he joined Capital One You were aware that Mbeteni had agreements with Key regarding the confidentiality of Key information.
>
> No. 17: that Capital One employees received a Key Sizer from You or Mbeteni in connection with the Capital One employees' work at Capital One.

None of these requests is particularly difficult or requires Holland to speculate or guess as to what is in the mind of another individual. They simply request admissions as to things within Holland's own knowledge. The requests do not require anything beyond the contents of Holland's own mind, so her objections are improper. The Court should order Holland to provide substantive responses to these Requests.

### F. Key is Entitled to Reasonable Expenses, Including Attorney's Fees, For This Motion.

Fed. R. Civ. P. 37(a)(5)(A) provides that, upon granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See Brown v. Bridges*, 2014 WL 534938, *2 (N.D. Texas Feb. 11, 2014) ("[U]nder Rule 37(a), because

Defendant prevailed on his Motion to Compel in its entirety, Defendant is entitled to reimbursement of the attorneys' fees and expenses incurred in preparing and filing the Motion to Compel and related filings.").

In this case, Key should receive all expenses, including attorneys' fees and costs, it incurred in connection with this Motion and Key's efforts prior to bringing this Motion. There is no justification for Holland's failure to provide *any* documents in response to Key's Requests for Documents nor for her unsupported responses to Key's Requests for Admissions. Accordingly, pursuant to Rule 37, Key is entitled to all expenses, including attorneys' fees and costs, incurred in connection with this Motion.

IV.  **CONCLUSION**

Holland is now doing the same as Mbeteni – she is delaying and deflecting Key's discovery attempts in the hopes that she can staunch the bleeding before the Court rules on the Motion for Preliminary Injunction. The Court can see, however, that the bright light of this federal lawsuit continues to bring bad acts to light. There is no reason to stop now. Key needs to be fully equipped for depositions before the Motion for Preliminary Injunction is submitted. Proper responses to written discovery requests are necessary. The Court should order Holland to provide complete discovery responses.

Dated:  October  13, 2016          Respectfully submitted,

         */s/ Chad D. Cooper*
Steven S. Kaufman (OH – 0016662)
Chad D. Cooper (OH – 0074322)*
Ashtyn N. Saltz (OH – 0089548)*
**KAUFMAN & COMPANY, LLC**
1001 Lakeside Avenue – Suite 1710
Cleveland, Ohio  44114
PH:  216.912.5500
FX:  216.912.5501
*Steve.Kaufman@Kaufman-Company.com*
*Chad.Cooper@Kaufman-Company.com*
*Ashtyn.Saltz@Kaufman-Company.com*

**\*Admitted *Pro Hac Vice***

Jacqueline C. Johnson (TX – 00790973)
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
PH:  214-880-8100
FX:  214-880-0181
*jjohnson@littler.com*

Attorneys for Plaintiff KeyCorp

## **CERTIFICATE OF CONFERENCE**

On October 4, 2016, Key sent a letter to Holland outlining the deficiencies in her discovery responses. On October 7, 2016, Holland replied to the letter and took the position that she had no obligation to amend her discovery responses or provide any additional discovery. On October 13, 2016, Key transmitted a Proposed Order to Holland asking whether she could agree to any of the terms in the Order. Counsel for Key and Holland discussed the matter telephonically. Holland requested that Key not file the Motion, but otherwise Holland offered no specific commitment to provide specific discovery.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, 2016, I caused a copy of the foregoing *Motion to Compel* to be served via the Court's CM/ECF System on all counsel of record.

    */s/ Chad D. Cooper*
    Chad D. Cooper (OH – 0074322)
    One of the Attorneys for Plaintiff KeyCorp