IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEYCORP,                          §
                                  §
              Plaintiff,          §
                                  §
V.                                §          No. 3:16-cv-1948-D
                                  §
ALLISON HOLLAND, et al.,          §
                                  §
              Defendants.         §

**<u>MEMORANDUM OPINION AND ORDER</u>**[1]

Plaintiff KeyCorp has filed a Motion to Compel Defendant Holland's Responses to Plaintiff's Discovery Requests [Dkt. No. 76] (the "Holland MTC") and Motion to Compel Defendant Mbeteni's Responses to Plaintiff's Discovery Requests [Dkt. No. 77] (the "Mbeteni MTC"). United States District Judge Sidney A. Fitzwater has referred both motions to the undersigned United States magistrate judge for determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 80.

Defendants Martin Mbeteni ("Mbeteni") and Allison Holland ("Holland") have each filed responses to the motion addressed to each of them, *see* Dkt. Nos. 82 & 83, and KeyCorp has filed replies, *see* Dkt. Nos. 84 & 85.

The Court heard oral argument on these motions on October 25, 2016. *See* Dkt.

_____

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

No. 86.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part KeyCorp's Motion to Compel Defendant Holland's Responses to Plaintiff's Discovery Requests [Dkt. No. 76] and KeyCorp's Motion to Compel Defendant Mbeteni's Responses to Plaintiff's Discovery Requests [Dkt. No. 77].

## Background

Both motions arises out of the Court's ruling on KeyCorp's August 24, 2016 Motion for Expedited Discovery and Rule 34 Examination of Computer Systems [Dkt. No. 30] (the "Expedited Discovery Motion").

Judge Fitzwater ruled on the Expedited Discovery Motion separately as to Holland, who had agreed to a consent order that Judge Fitzwater entered, *see* Dkt. No. 57; *see also* Dkt. No. 56 at 1 n.1 ("Plaintiff and defendant Allison Holland [] have agreed to a schedule governing expedited discovery and a Rule 34 examination of computer systems. The court will enter an order that applies to Holland after plaintiff and Holland comply with the court's September 6, 2016 order."), and as to Mbeteni, as to whom Judge Fitzwater granted the Expedited Discovery Motion "based on [KeyCorp's] showing of good cause," Dkt. No. 56 at 1.

In the Order as to Defendant Martin Mbeteni, the Court ordered that "Mbeteni has 15 days from the date of this order to respond to plaintiff's written discovery requests already served" and that "Plaintiff may conduct Rule 34 forensic inspections of Mbeteni's computer networks, workstations, devices, and email accounts on notice of seven business days" and that "Mbeteni shall facilitate plaintiff's forensic expert to

do the following: A. Image the home computers of Mbeteni; B. Capture all webmail accounts of Mbeteni; and C. Capture all mobile and personal devices of Mbeteni." *Id.* at 1-2.

The Consent Order Granting Motion for Expedited Discovery & Motion for Rule 34 Examination of Computer Systems as to Defendant Allison Holland provided that "1. Plaintiff is ORDERED to and has already served its written discovery requests on Defendant Allison Holland ('Holland') prior to the date of this Order in the form of Document Requests and Requests for Admissions (with Interrogatories) propounded to Holland; 2. Defendant Holland shall have 15 days from the date of this Order to respond to Plaintiff's written discovery requests already served; ... [and] 8. Plaintiff's Rule 34 forensic inspections of Holland's computer networks, workstations, devices, and email accounts shall be completed no later than 14 days before the Submission Date, and Holland shall facilitate Plaintiff's forensic expert to do the following: a. Image Holland's home computers; b. Capture all webmail accounts of Holland; c. Capture all mobile and personal devices of Holland." Dkt. No. 57 at 1, 2.

The Court also previously entered a Stipulated Protective Order (the "SPO") that provides, among other things, that "[i]t governs any document, information, or other thing furnished by any party to any other party"; that "[t]he protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

Material"; that "[t]he failure to designate any document or information as confidential will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity"; that "[i]nformation designated as Confidential Information or Highly Confidential Attorneys' Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action"; that "[t]he existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony"; that "[a]ny such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order"; that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; that "[s]uch information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order"; and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections." Dkt. No. 13 at 4, 5, 7, 9-10.

The SPO further provides that "[t]he disclosure of privileged or work-product protected documents, electronically stored information or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding" and that "[t]his Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d)." *Id.* at 8.

In the Holland MTC, KeyCorp seeks an order compelling Holland "to provide complete responses to [KeyCorp's] First Set of Requests for Admission and Interrogatories and First Set of Requests for Production of Documents and to produce responsive documents within seven days of the filing of this Motion in furtherance of the expedited discovery already ordered by the Court" and awarding KeyCorp "all expenses, including attorneys' fees and costs incurred in connection with this Motion and the related discovery dispute." Dkt. No. 76 at 1. KeyCorp reports that on July 29, 2016, it "propounded the following discovery requests on Holland: 1) Plaintiff's First Set of Requests for Admission and Interrogatories and 2) Plaintiff's First Set of Requests for Production of Documents." *Id.* at 3-4. KeyCorp contends that "Holland failed to produce any documents in response to Key's Requests for Production and raised unsupported objections to many of Key's Requests for Admission" and that KeyCorp's "attempts to resolve the dispute with Holland were unsuccessful." *Id.* at 1.

In the Mbeteni MTC, KeyCorp seeks an order compelling Mbeteni "to provide complete responses to Key's First Set of Requests for Admission and Interrogatories and First Set of Requests for Production of Documents within seven days of the filing of this Motion in furtherance of the expedited discovery already ordered by the Court" and "to produce all responsive documents and amend his formal responses" and awarding KeyCorp "all expenses, including attorneys' fees and costs, incurred in connection with this Motion and the related discovery dispute." Dkt. No. 77 at 1. KeyCorp reports that on July 29, 2016, it "propounded the following on Mbeteni: 1) Plaintiff's First Set of Requests for Admission and Interrogatories and 2) Plaintiff's

First Set of Requests for Production of Documents." *Id.* at 3-4. KeyCorp contends that "Mbeteni failed to produce any documents in response to Key's Requests for Production, failed to properly admit or deny a Request for Admission, and failed to verify Answers to Interrogatories. Key's attempts to resolve the dispute with Mbeteni were unsuccessful." *Id.* at 1. More specifically, KeyCorp reports that "Mbeteni produced not a single document to [KeyCorp] and may be improperly withholding documents" and that "Mbeteni failed to admit or deny Request for Admission No. 23, and did not produce a verification of his Answers to Interrogatories." *Id.* at 4. KeyCorp requests that the "Court compel Mbeteni to immediately produce responsive documents, clarify if he is withholding documents from production, admit or deny Request for Admission No. 23, and produce Mbeteni's verification of his Answers to Interrogatories." *Id.* at 3.

## Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

A Rule 37(a) motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). When a motion to compel addresses a number of matters, a good faith effort to confer typically requires that the parties discuss each matter in good faith to comply with conference requirements. *See Anzures v. Prologis Tex. I LLC*, 300 F.R.D. 314, 316 (W.D. Tex. 2012).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

Federal Rule of Civil Procedure 34(b)(2)(E) further provides that, "[u]nless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information [("ESI")]: (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) A party need not produce the same electronically stored information in more

than one form." FED. R. CIV. P. 34(b)(2)(E). The Court has concluded "that, where Rule 34(b)(2)(E)(i) addresses the organization of a production and Rule 34(b)(2)(E)(ii) specifically addresses the form for producing ESI (where form of production is inherently not an issue with hard-copy documents), and in light of the purposes of the 2006 amendments to Rule 34 and of Rule 34(b)(2)(E)(i)'s requirements, Rules 34(b)(2)(E)(i) and 34(b)(2)(E)(ii) should both apply to ESI productions." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 98603, at *10 (N.D. Tex. Jan. 8, 2016).

And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4).

A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of its objection to a request, and, if it does not, it waives the objection. *See Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D.

Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999).

Federal Rules of Civil Procedure Rules 26 and 34 have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The amendments to Rules 26 and 34 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended, to these motions is both just and practicable.

Further, for the reasons the Court has previously explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines

is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel, may well need to

make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would

impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

As amended effective December 1, 2015, Rule 26(c)(1) authorizes a protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit recently explained

that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, ___ F.3d ___, No. 15-60562, 2016 WL 5400401, at *10 (5th Cir. Sept. 27, 2016) (footnotes and internal quotation marks omitted); *see also id.* at *18 ("Rule 26(d) gives that court wide discretion to craft flexible and nuanced terms of discovery." (footnote omitted)). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(B)-(C) further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

Under Federal Rule of Civil Procedure 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of [Federal Rule of Civil Procedure] 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1).

Under Rule 36(a), when a request for admission is served, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney," although "[a] shorter or longer time for

responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). "This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (footnotes omitted).

Rule 36 is self-executing, and, in the absence of a timely-served written and signed answer or objection addressed to each matter, all Rule 36 requests for admission served on a party are deemed admitted by default. *See In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001). Once the 30-day period for serving written answers or objections has passed, the defaulting party's sole recourse is to move to withdraw or amend the deemed admissions under Rule 36(b). *See id.* at 419; *see also* FED. R. CIV. P. 36(b) ("Subject to [Federal Rule of Civil Procedure] 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."); *Am. Auto. Ass'n*, 930 F.2d at 1120 ("Once trial has begun, the provisions of F.R.C.P. 16(e), expressly incorporated by Rule 36(b), impose a more restrictive standard: the court will not permit withdrawal or amendment of an admission unless failure to do so would cause 'manifest injustice.'" (footnote omitted)). Correspondingly, Rule 37 does not provide for a motion to compel answers to Rule 36 requests for admission, and Rule 36 does not contemplate a motion

to deem requests admitted or to confirm that Rule 36 requests for admission served on a party are deemed admitted by default – although the Court does see such motions to deem admitted filed.

Where the party to whom a Rue 36 request is directed serves on the requesting party a written answer or objection, Rule 36(a)(4) requires that, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* Further, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Rule 36(a)(5) requires that "[t]he grounds for objecting to a request must be stated." FED. R. CIV. P. 36(a)(5).

Once the answering party has served answers or objections, Rule 36(a)(6) provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection" and that, "[u]nless the court finds an objection justified, it must order that an answer be served" and, "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6). "Rule 37(a)(5) applies to an award of expenses" on a Rule 36(a)(6) motion regarding the sufficiency of an answer or objection.

*Id.*

Sanctions are also available as to Rule 36 requests where "a party fails to admit what is requested under Rule 36 and ... the requesting party later proves a document to be genuine or the matter true." FED. R. CIV. P. 37(c)(2); *see also Vantage Trailers, Inc. v. Beall Corp.*, No. Civ. A. H-06-3008, 2008 WL 4093691, at *2 (S.D. Tex. Aug. 28, 2008) ("Rule 37(c)(2) provides for sanctions against a party for improperly denying a request for admissions that is later proven to be true."). In those circumstances, "the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof," and "[t]he court must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." FED. R. CIV. P. 37(c)(2); *see also Richard v. Inland Dredging Co., LLC,* No. 6:15-0654, 2016 WL 5477750, at *3 (W.D. La. Sept. 29, 2016) ("One commentator has stated that the 'reasonable grounds' exception is the most important consideration that justifies the refusal to make an award under Rule 37(c)." (internal quotation marks and citation omitted)); *Sparks v. Reneau Pub. Inc.*, 245 F.R.D. 583, 588 (E.D. Tex. 2007) ("Federal Rule of Civil Procedure 37(c)(2) provides that if a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, upon motion the Court 'shall' award the requesting party reasonable fees and expenses incurred in proving up those matters 'unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the

admission sought was of no substantial importance, or (C) the party failing to admit

had reasonable ground to believe that the party might prevail on the matter, or (D)

there was other good reason for the failure to admit.' This rule leaves the Court with

no discretion." (citation omitted; emphasis removed)).

## Analysis

I.   <u>Pre-filing conference requirements</u>

Holland and Mbeteni both complain that KeyCorp's counsel did not satisfy Rule

37(a)(1)'s pre-filing conference requirement. In response, KeyCorp explains:

> On October 4, 2016, Key transmitted the Deficiency Letter to
> Holland, outlining the problems with Holland's discovery in minute detail
> and demanding very specific curative action. Because the parties are
> conducting expedited discovery aimed at resolving Key's Motion for
> Preliminary Injunction (Doc. No. 23), Key attached a tight response
> deadline to the letter. Since then, Key and Holland have corresponded
> and spoken by phone. Each time, Key makes it clear that Key is
> preparing to depose Holland on November 2 in advance of the November
> 11 submission date of the PI Motion. Key wants the documents it
> requested on July 29, so it may properly prepare for the deposition. Time
> and again, Key has made clear that document production is independent
> of the forensic inspection of Holland's devices and webmail. Each time,
> Holland responds that she intends to do everything it is possible to do
> with the forensic inspection before agreeing to produce any documents.
> The parties are clearly at an impasse, and Key cannot afford to wait any
> longer to see what Holland decides to do. The timing and foundation for
> Key's Motion are sound.

Dkt. No. 84 at 7. And, as to Mbeteni:

> Mbeteni had ample notice to cure his discovery deficiencies and
> easily could have prevented the filing of a motion. Mbeteni asserts that
> Key never should have filed the Motion, because Key did not give him
> adequate notice of the dispute and an opportunity to cure. This is
> nonsense. On October 4, 2016, Key transmitted to Mbeteni a discovery
> deficiency letter, outlining the problems with Mbeteni's discovery in
> minute detail and demanding very specific curative action. Because the

parties are conducting expedited discovery aimed at resolving Key's Motion for Preliminary Injunction (Doc. No. 23), Key attached a tight response deadline to the letter. While Key transmitted a similar letter to Holland, and received responses back from Holland, Key received no response from Mbeteni.

In what is emerging as Mbeteni's stock position, he claims it was Key's fault. Whatever happened, it was Key's fault. Mbeteni is flat wrong. The October 4 letter provided ample notice of Key's issues with Mbeteni's responses. Mbeteni says he never got it. This makes no sense. When Key transmitted the letter to Mbeteni, Key received an out-of-office notification from Mbeteni, but never received a delivery failure notice. Anyone who has ever used email knows that receipt of an out-of-office notification means that the email was delivered, just that the recipient may not have been at their desk at that moment. It was not Key's responsibility to ensure that Mbeteni reviewed Key's email. That was Mbeteni's responsibility. It was not Key's responsibility to reach out in two days or four days or six days to make sure the message was received. Furthermore, when Key circulated a proposed order to Mbeteni, before filing the Motion, Mbeteni could have acknowledged his mistake and taken responsibility for it. Knowing that the time is short, Mbeteni could have negotiated an agreed order. Instead, he decided to double down on unsupportable positions. The Court will have to resolve these issues now, but not because Key did not provide opportunities to Mbeteni to resolve them first.

Dkt. No. 85 at 5-6.

A failure to satisfy the Rule 37(a)(1) pre-filing conference requirements does not, however, mandate summary denial of a motion to compel because the Court retains discretion to "waive strict compliance with the conference requirements" and to consider the motions on their merits. *Pulsecard, Inc. v. Discover Card Svcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996). The Court may deem a failure to confer excusable when the conference would merely be "a waste of time," *Vinewood Capital, L.L.C. v. Al Islami*, No. 406-cv-316-Y, 2006 WL 3151535, at *2 (N.D. Tex. Nov. 2, 2006), or when "it is clear that the motion is opposed and that a conference would neither have

eliminated nor narrowed the parties' dispute," *Obregon v. Melton*, No. 3:02-cv-1009-D, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002).

On the record here and under the circumstances of this court-ordered expedited discovery, after hearing further from the parties' counsel at oral argument on this issue, the Court finds that KeyCorp sufficiently complied with its Rule 37(a)(1) pre-filing conference obligations and that, given the disputes that remain even after Mbeteni submitted amended responses, judicial economy would not be served by denying the motion without prejudice to KeyCorp's refiling after additional conferences.

II.   <u>Responses to requests for production despite forensic inspections</u>

KeyCorp explains that "Mbeteni produced no documents in response to [KeyCorp's] Requests for Production of Documents," "raised no objection nor provided responsive documents to Document Request No. 1," and, "[i]n response to Document Requests Nos. 5, 6, 8, and 11, ... stated that the documents sought are already in [KeyCorp's] possession pursuant to the forensic inspection being performed in this case." Dkt. No. 77 at 5.

Mbeteni responds that he has "agreed to conform his responses and has in fact served those conformed responses on Key Corp and all counsel, on October 20, 2016 as promised" and therein "indicates that he has no responsive documents in his possession but any responsive documents may be found during the forensic inspection and will be produced in that process." Dkt. No. 82 at 3. According to Mbeteni, he "does not have any responsive documents in his possession, custody or control other than

those subject to the current forensic inspection." *Id.* at 5. Mbeteni contends that KeyCorp's motion to compel "should be denied because Mbeteni indicates that he has no responsive documents in his possession but any responsive documents may be found during the forensic inspection and will be produced in that process but this response was not satisfactory to Key on the basis of mere speculation." *Id.*

In reply, KeyCorp asserts that "Mbeteni must comply with his basic obligations to participate in discovery, and yet the way he moves the target around makes it clear that he has not." Dkt. No. 85 at 1.

As to Holland, KeyCorp explains that she "produced no documents in response to [KeyCorp's] request for documents, even though she references 'Holland's Document Production,'" and "objected to nearly every document request [specifically, Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, 14, 15, 16, and 17] on the grounds that the documents are already in [KeyCorp's] possession or are 'equally accessible' to [KeyCorp] on account of the forensic inspection being performed in this case." Dkt. No. 76 at 5.

For her part, Holland points out that Federal Rule of Civil Procedure 34(b)(2)(E)(iii) provides that, "[u]nless otherwise stipulated or ordered by the court, ... [a] party need not produce the same electronically stored information in more than one form." FED. R. CIV. P. 34(b)(2)(E)(iii). She asserts that, pursuant to the consent order to which she agreed, KeyCorp has all of her electronic files and will be provided with them following the agreed-upon period for her counsel to review and object to the results of the forensic inspection.

KeyCorp replies that, in the forensic inspection, it "does not plan to blindly search Holland's ESI for Holland's documents that respond to Key's document requests – nor should it be required to." Dkt. No. 85 at 3 (emphasis removed). According to KeyCorp, "[f]or instance, Key requested employment offers from Capital One (No. 3), agreements with Capital One (No. 4), communications with Capital One (No. 5), and communications with customers of Key (Nos. 16, 17) (among other things). Key does not know anything about the characteristics of these documents, including whether they exist. Key does not know the hash value or file name of any of these documents. Holland cannot shift the burden of hunting for these documents from Holland to Key." *Id.* at 3-4. KeyCorp complains that, by objecting "that responsive documents are 'already in the possession of the Plaintiff … and has already been obtained as a result of the Plaintiff's expert's imaging of Holland's electronic devices,'" "Holland is trying to whipsaw Key's use of the data it collected: out of one side of her mouth she says she does not need to produce documents, because Key can go find them in the data collection; out of the other side of her mouth, she says Key cannot look at the data collection unless Key guesses at the correct search terms and Holland decides she will not object to production." *Id.* at 5.

Here, the Court's orders permit KeyCorp to serve document requests and, separately, to engage in forensic inspections. *See* Dkt. No. 56 at 1-2; Dkt. No. 57 at 1, 2. In the face of those orders, neither Holland nor Mbeteni have shown that the discovery sought through the document requests served on each of them is unreasonably cumulative or duplicative or can be obtained from some other source that

is more convenient, less burdensome, or less expensive.

But the motivation for these motions to compel is to provide documents in advance of depositions scheduled for the first days of November, in advance of the November 11, 2016 submission date as to KeyCorp's preliminary injunction motion. The Consent Order as to Holland provides that "Holland's counsel shall provide Plaintiff's counsel with any and all objections to production, in writing, within 7 days after the date upon which all such forensic inspection results have been provided to Holland's counsel." Dkt. No. 57 at 3. At oral argument, Holland's counsel and KeyCorp's counsel agreed that final word that data from Holland's iPhone would be inaccessible came down on October 24, 2016. The Court agrees with Holland's counsel that Holland therefore has until October 31, 2016 to comply with the requirements of paragraph 9 of the Consent Order [Dkt. No. 57].

Holland's counsel also affirmed to the Court at oral argument that, as part of counsel's review of "all documents and information imaged and/or captured from Holland's computer networks, workstations, devices, and email accounts," *id.* at 2, Holland's counsel would review those documents and information for responsive to KeyCorp's First Set of Requests for Production of Documents to Holland and would provide KeyCorp with a document production and information as required by Rule 34(b)(2)(E) by October 31, 2016. Mbeteni's counsel likewise affirmed that she is engaged in the same process and will, within the time frame allowed for her review and objections to the copy of the documents, data, and information that are the results of the searches run by KeyCorp's forensic expert, pursuant to the search protocol

attached to KeyCorp's opposition [Dkt. No. 70-6], pursuant to KeyCorp's forensic inspections of Mbeteni's computer networks, workstations, devices, and email accounts.

Under the circumstances, the Court will, pursuant to Rule 26(b)(1) and 26(b)(2), order Holland and Mbeteni to review the documents and information provided to them by KeyCorp's forensic expert within the time allowed by the relevant order [Dkt. Nos. 57 and 72], subject to any extensions to which KeyCorp agrees, and to provide to KeyCorp the documents and information as required by Rule 34(b)(2)(E) that is responsive to KeyCorp's First Set of Requests for Production of Documents to each defendant, subject to any objections that have been raised and are not overruled in this order, by the deadline provided for objections under the relevant order [Dkt. Nos. 57 and 72].

Mbeteni and Holland otherwise have ongoing supplementation obligations under Federal Rule of Civil Procedure 26(e)(1) to produce any responsive documents or information within their respective possession, custody, or control, and this order is entered without prejudice to KeyCorp's filing any future motion to compel.

III.   <u>Boilerplate objections</u>

KeyCorp asserts that "Holland repeatedly objected [specifically, in Request for Production Nos. 1, 2, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, and 17] in a boilerplate fashion to Key's Requests for Production as vague, ambiguous, overbroad, misleading, inaccurate, based upon facts not in evidence, based upon incorrect assumption, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." Dkt. No. 76 at 7. And KeyCorp asserts that "Mbeteni objected to Documents

Requests Nos. 2, 3, and 4 as overly broad, overly burdensome, vague, and beyond the scope of proper discovery." Dkt. No. 77 at 6. KeyCorp contends that it is entitled to know whether Holland or Mbeteni is withholding any documents based on the boilerplate objections.

Holland's boilerplate objections to Request for Production Nos. 1, 2, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, and 17 do not provide specific explanations for the bases for the objections and, in a few instances in which Holland represents that she will not completely stand on her objections, are accompanied by the "without waiving" formulation. This violates Rules 34(b)(2)(B) and 34(b)(2)(C), and these boilerplate objections are improper and result in waiver of the unsupported objections.

Further, as the Court has previously explained, "responding to interrogatories and documents requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory or

document request it is, and what portions it is not, answering or responding to based on its objections and why"; "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr*, 312 F.R.D. at 470 (quoting *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted)).

The Court further finds that Mbeteni's objections to Requests for Production Nos. 2, 3, and 4 are the sort of general, boilerplate objection that the Court has warned are improper. *See Heller*, 303 F.R.D. at 483-93. He did not provide specific reasons for the "overly broad, overly burdensome and vague" objections, and, accordingly, those objections are waived on that basis.

Even if they were not waived, Mbeteni's vagueness objections to KeyCorp's Request for Production Nos. 2, 3, and 4 are overruled. Mbeteni has not met his burden to explain the specific and particular way in which each request is vague after exercising reason and common sense to attribute ordinary definitions to terms and phrases utilized in the requests and, if necessary, including any reasonable definition of the term or phrase at issue. *See id.* at 491. Further, based on the Court's review, these requests are not so vague or ambiguous as to be incapable of reasonable interpretation and to prohibit Mbeteni's responses. And Mbeteni has liked failed to meet his burden to show that the requests for information or documents are overbroad or impose an undue burden, and those objections are overruled.

IV.   Confidentiality and privilege objections

KeyCorp also asserts that Holland appears to conceal production of certain documents based on confidentiality or privilege, although the written responses fail to provide enough information for [KeyCorp] to know," and that, more specifically, "Holland objected that some responsive documents are confidential or proprietary (Nos. 14, 15, 16, and 17) and some are privileged (Nos. 13, 14, 15, 16, and 17)." Dkt. No. 76 at 7.

KeyCorp likewise asserts that "Mbeteni appears to conceal production of certain documents based on confidentiality, although the written responses fail to provide enough information for [KeyCorp] to know," and that, more specifically, "Mbeteni objected that some responsive documents are confidential (Nos. 2, 3, and 4)." Dkt. No. 77 at 6.

As KeyCorp notes, the Court has issued the SPO already in this case, and any confidentiality concerns can be addressed by using the mechanisms in place in that order. To the extent that Mbeteni or Holland is withholding any documents or information based on a confidentiality objection, those objections are overruled, and any responsive documents can be produced subject to the SPO's terms.

A privilege log must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity, or protection. *See* FED. R. CIV. P. 26(b)(5). KeyCorp reports that "Holland failed to produce a privilege log" and asks the Court to "compel her to do so or clarify that no documents are being withheld on the basis of

privilege." Dkt. No. 76 at 8. The Court orders Holland to do so by **October 31, 2016**.

V.   Request for Production No. 8 to Holland

KeyCorp reports that its Request for Production No. 8 to Holland sought "[a]ll documents relating to any review or analysis performed to attempt to locate all Key Information and Mbeteni transferred into Capital One's computer network" and that Holland responded that she "did not perform any such review or analysis." Dkt. No. 76 at 8. KeyCorp contends that "Holland evaded the question" and that, "[r]egardless of whether she actually performed the review herself, she could have responsive documents in her possession." *Id.* KeyCorp asks that the Court to "order Holland to produce responsive documents or clarify that she has none." *Id.*

The Court determines that Holland's response to Request for Production No. 8 is evasive for the reasons that KeyCorp has explained, and it is therefore no response at all. *See* FED. R. CIV. P. 37(a)(4). If she has no responsive documents or information in her possession, custody, or control, she may simply say so. But Holland is ordered to serve a complete response, in compliance with Rule 34(b), to this request by **October 31, 2016**.

VI.   Rule 36 requests for admission

KeyCorp asserts that, "[f]or a handful of [KeyCorp]'s Requests for Admissions, Holland simply avoided providing any substantive response, because she does not want to"; that Holland "claims she can neither admit nor deny certain requests and that others require her to speculate"; and that Holland "completely fails to explain any basis for these objections and responses, and the context reveals there is no reason she

cannot provide real responses." Dkt. No. 76 at 8. More specifically, KeyCorp reports that Holland evaded giving any real response to Requests for Admissions Nos. 7, 11, 12, 13, and 17:

> Request for Admission No. 7: Admit that to Your knowledge Key spends time, money, and resources developing information and documents that it uses in its health care commercial real estate business line.
>
> Request for Admission No. 11: Admit that to Your knowledge Capital One engages or plans to engage in the health care commercial real estate finance business.
>
> Request for Admission No. 12: Admit to Your knowledge Key never consented to Capital One using any Key Information taken from Key by either You or Mbeteni.
>
> Request for Admission No. 13: Admit that when he joined Capital One You were aware that Mbeteni had agreements with Key regarding the confidentiality of Key information.
>
> Request for Admission No. 17: Admit that Capital One employees received a Key Sizer from You or Mbeteni in connection with the Capital One employees' work at Capital One.

*Id.* at 9; Dkt. No. 76-2 at 5-10 of 23.

According to KeyCorp, "[n]one of these requests is particularly difficult or requires Holland to speculate or guess as to what is in the mind of another individual"; "[t]hey simply request admissions as to things within Holland's own knowledge"; and "[t]he requests do not require anything beyond the contents of Holland's own mind, so her objections are improper." Dkt. No. 76 at 9. KeyCorp asks that the "Court should order Holland to provide substantive responses to these Requests." *Id.*

The Court determines that Holland's objections to Requests for Admissions Nos. 7, 11, 12, 13, and 17 are not properly stated or supported.

Request for Admission Nos. 7, 11, 12, and 13 are framed in terms of Holland's own knowledge or awareness. Rule 36(a)(4) dictates that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). Holland has not done so as to Request for Admission Nos. 7, 11, 12, and 13.

Holland's vagueness objections to Request for Admission Nos. 11, 12, and 13 do not reflect that she made an effort to attribute ordinary definitions to the terms and phrases utilized, to include any reasonable definition of the term or phrase at issue to clarify her answers, or attempted to obtain clarification prior to objecting on this ground. *See Heller*, 303 F.R.D. at 491-92; *cf.* FED. R. CIV. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

Holland's objection to Request for Admission No. 7 on the ground that it addresses "purported facts that KeyCorp has the burden of proving in connection with its claims in this matter" is not well taken in this context. Rule 36(a)(5) provides that "[a] party must not object solely on the ground that the request presents a genuine issue for trial." FED. R. CIV. P. 36(a)(5). "Rule 36 requests, like those here, are properly directed to a party's position on a fact or the application of law to fact or the party's opinion about a fact or the application of law to fact –and can address ultimate facts that may present a genuine issue for trial." *McKinney/Pearl Rest. Partners, L.P. v.*

-30-

*Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 98603, at *14 (N.D. Tex. Jan. 8, 2016); *accord Carney*, 258 F.3d at 419 (explaining that "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact"). Rule 36 requests are properly directed to matters that the requesting party would otherwise need to prove and even that, if admitted, "relate to material facts that defeat a party's claim." *Am. Auto. Ass'n*, 930 F.2d at 1120; *cf. id.* at 1121 ("Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree." (footnote omitted)).

And the Court finds that Holland's other objections to Request for Admission Nos. 7, 11, 12, and 13 are either improper boilerplate (including an unexplained "improper in form" objection) or otherwise unsupported and ineffective under Rule 36(a). Holland's objections to Request for Admission No. 17 appear to be directed to Requests for Admissions No. 16.

For these reasons, the Court determines, under Rule 36(a)(6), that Holland's objections to Requests for Admissions Nos. 7, 11, 12, 13, and 17 are not justified and orders that she serve answers to these requests by **October 31, 2016**.

In Request for Admission No. 23, KeyCorp asked that Mbeteni admit that "Holland suggested You seek employment at Capital One." KeyCorp explains that Mbeteni flatly refused to either admit or deny the request and failed to explain why he cannot and, rather, stated that "I am not in a position to admit or deny this request because any suggestion only arose because I was already searching for other employment." KeyCorp contends that, "[w]ith respect to Admission No. 23, Mbeteni

simply avoided answering the question, for no other reason than that he does not want to" and that "[h]e claims he is 'not in a position to admit or deny this request,' when in reality the context of the answer suggests he knows exactly how to answer the Request." Dkt. No. 77 at 7. According to KeyCorp, "Mbeteni cannot refuse to admit or deny a Request for Admission without providing a basis for such a response; therefore, Mbeteni must amend his response to this Request to comply with Rule 36." *Id.* at 7-8.

Mbeteni responds that KeyCorp is simply trying to get him to "insert[] the word 'admit' 'deny' or 'truthfully' in request for Admission No. 23 when [he] has fully complied with the rules of civil procedure." Dkt. No. 82 at 6.

KeyCorp replies that Mbeteni's "amended response is not getting any better: 'Denied. I am not in a position to truthfully admit or deny this request as stated because all of Holland's suggestions only arose because I was already searching for other employment.'" Dkt. No. 85 at 5. According to KeyCorp, "[r]esponding to a request for admission, a party is required to admit or deny the request, object to the request, or explain why the party does not have the necessary information to admit or deny the request. Mbeteni has done none of these things. He did not object to the request. He did claim to lack the knowledge required to answer the request – in fact, he clearly has the knowledge." *Id.* KeyCorp asks the Court to "order him to provide a response that makes sense." *Id.*

The Court determines that Mbeteni's answer does not comply with Rule 36(a)(4)'s requirement that "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a

part of a matter, the answer must specify the part admitted and qualify or deny the rest." FED. R. CIV. P. 36(a)(4). This is a simple declarative statement – either Holland did or did not suggest Mbeteni seek employment at Capital One (whether in the context of his already looking for other employment or not). Mbeteni's answer is insufficient under Rule 36(e), and the Court orders Mbeteni to, by **October 31, 2016**, serve an amended answer that fully complies with the Rule 36 standards laid out above.

## VII.   Verification of interrogatory answers

Federal Rule of Civil Procedure 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b). Mbeteni's answers to KeyCorp's interrogatories do not comply with Rule 33(b)(3)'s "under oath" requirement, and Mbeteni must provide a verification or certification under oath that complies with that requirement.

Mbeteni reports that he "has completed, executed and notarized a Verification which was served on Key's Counsel on October 20, 2016 as the parties had earlier agreed." Dkt. No. 82 at 1. KeyCorp does not press this issue further in reply, and so the Court will deny as moot its Mbeteni MTC on this point.

## VIII.   Request for expenses

Under Rule 37(a)(5), the Court determines that, under all of the circumstances presented here, KeyCorp, Holland, and Mbeteni should bear their own expenses, including attorneys' fees, in connection with KeyCorp's Holland MTC and Mbeteni MTC.

**Conclusion**

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part KeyCorp's Motion to Compel Defendant Holland's Responses to Plaintiff's Discovery Requests [Dkt. No. 76] and KeyCorp's Motion to Compel Defendant Mbeteni's Responses to Plaintiff's Discovery Requests [Dkt. No. 77].

SO ORDERED.

DATED: October 26, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE