IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEYCORP, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:16-cv-1948-D |
| ALLISON HOLLAND, et al., | § § § | |
| Defendants. | § § | |

# MEMORANDUM OPINION AND ORDER[1]

Plaintiff KeyCorp has filed a Motion for Sanctions Against Defendant Martin Mbeteni [Dkt. No. 91] (the "Sanctions Motion") under Federal Rule of Civil Procedure 37(b). United States District Judge Sidney A. Fitzwater has referred the Sanctions Motion to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 92.

Defendant Martin Mbeteni ("Mbeteni") has filed a response, *see* Dkt. No. 99, and KeyCorp has filed a reply, *see* Dkt. No. 102. The Court determines that a hearing or oral argument is not necessary to resolve the Sanctions Motion.

For the reasons and to the extent explained below, the Court GRANTS Plaintiff KeyCorp's Motion for Sanctions Against Defendant Martin Mbeteni [Dkt. No. 91]. *See*

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

*generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense in unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

**Background**

The Sanction Motion ultimately arises out of the Court's ruling on KeyCorp's August 24, 2016 Motion for Expedited Discovery and Rule 34 Examination of Computer Systems [Dkt. No. 30] (the "Expedited Discovery Motion") but, more particularly, KeyCorp contends that Mbeteni has violated the Court's October 26, 2016 Memorandum Opinion and Order [Dkt. No. 87], which granted in part and denied in part KeyCorp's Motion to Compel Defendant Mbeteni's Responses to Plaintiff's Discovery Requests [Dkt. No. 77] (the "Mbeteni MTC").

Judge Fitzwater ruled on the Expedited Discovery Motion separately as to Holland, who had agreed to a consent order that Judge Fitzwater entered, *see* Dkt. No. 57; *see also* Dkt. No. 56 at 1 n.1 ("Plaintiff and defendant Allison Holland [] have

agreed to a schedule governing expedited discovery and a Rule 34 examination of computer systems. The court will enter an order that applies to Holland after plaintiff and Holland comply with the court's September 6, 2016 order."), and as to Mbeteni, as to whom Judge Fitzwater granted the Expedited Discovery Motion "based on [KeyCorp's] showing of good cause," Dkt. No. 56 at 1.

In the Order as to Defendant Martin Mbeteni, the Court ordered that "Mbeteni has 15 days from the date of this order to respond to plaintiff's written discovery requests already served" and that "Plaintiff may conduct Rule 34 forensic inspections of Mbeteni's computer networks, workstations, devices, and email accounts on notice of seven business days" and that "Mbeteni shall facilitate plaintiff's forensic expert to do the following: A. Image the home computers of Mbeteni; B. Capture all webmail accounts of Mbeteni; and C. Capture all mobile and personal devices of Mbeteni." *Id.* at 1-2.

The Court also previously entered a Stipulated Protective Order (the "SPO") that provides, among other things, that "[i]t governs any document, information, or other thing furnished by any party to any other party"; that "[t]he protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material"; that "[t]he failure to designate any document or information as confidential will not be deemed to waive a later claim as to its confidential nature, or to stop the

producing party from designating such information as confidential at a later date in writing and with particularity"; that "[i]nformation designated as Confidential Information or Highly Confidential Attorneys' Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action"; that "[t]he existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony"; that "[a]ny such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order"; that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; that "[s]uch information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order"; and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections." Dkt. No. 13 at 4, 5, 7, 9-10.

The SPO further provides that "[t]he disclosure of privileged or work-product protected documents, electronically stored information or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding" and that "[t]his Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d)." *Id.* at 8.

In the Mbeteni MTC, KeyCorp sought an order compelling Mbeteni "to provide complete responses to Key's First Set of Requests for Admission and Interrogatories

and First Set of Requests for Production of Documents within seven days of the filing of this Motion in furtherance of the expedited discovery already ordered by the Court" and "to produce all responsive documents and amend his formal responses" and awarding KeyCorp "all expenses, including attorneys' fees and costs, incurred in connection with this Motion and the related discovery dispute." Dkt. No. 77 at 1. KeyCorp reported that on July 29, 2016, it "propounded the following on Mbeteni: 1) Plaintiff's First Set of Requests for Admission and Interrogatories and 2) Plaintiff's First Set of Requests for Production of Documents." *Id.* at 3-4. KeyCorp contends that "Mbeteni failed to produce any documents in response to Key's Requests for Production, failed to properly admit or deny a Request for Admission, and failed to verify Answers to Interrogatories. Key's attempts to resolve the dispute with Mbeteni were unsuccessful." *Id.* at 1. More specifically, KeyCorp reported that "Mbeteni produced not a single document to [KeyCorp] and may be improperly withholding documents" and that "Mbeteni failed to admit or deny Request for Admission No. 23, and did not produce a verification of his Answers to Interrogatories." *Id.* at 4. KeyCorp requests that the "Court compel Mbeteni to immediately produce responsive documents, clarify if he is withholding documents from production, admit or deny Request for Admission No. 23, and produce Mbeteni's verification of his Answers to Interrogatories." *Id.* at 3.

Following oral argument on the Mbeteni MTC, the Court ordered, in relevant part, as follows:

> KeyCorp explains that "Mbeteni produced no documents in

response to [KeyCorp's] Requests for Production of Documents," "raised no objection nor provided responsive documents to Document Request No. 1," and, "[i]n response to Document Requests Nos. 5, 6, 8, and 11, ... stated that the documents sought are already in [KeyCorp's] possession pursuant to the forensic inspection being performed in this case." Dkt. No. 77 at 5.

Mbeteni responds that he has "agreed to conform his responses and has in fact served those conformed responses on Key Corp and all counsel, on October 20, 2016 as promised" and therein "indicates that he has no responsive documents in his possession but any responsive documents may be found during the forensic inspection and will be produced in that process." Dkt. No. 82 at 3. According to Mbeteni, he "does not have any responsive documents in his possession, custody or control other than those subject to the current forensic inspection." *Id.* at 5. Mbeteni contends that KeyCorp's motion to compel "should be denied because Mbeteni indicates that he has no responsive documents in his possession but any responsive documents may be found during the forensic inspection and will be produced in that process but this response was not satisfactory to Key on the basis of mere speculation." *Id.*

In reply, KeyCorp asserts that "Mbeteni must comply with his basic obligations to participate in discovery, and yet the way he moves the target around makes it clear that he has not." Dkt. No. 85 at 1.
....

Here, the Court's orders permit KeyCorp to serve document requests and, separately, to engage in forensic inspections. *See* Dkt. No. 56 at 1-2; Dkt. No. 57 at 1, 2. In the face of those orders, neither Holland nor Mbeteni have shown that the discovery sought through the document requests served on each of them is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

But the motivation for these motions to compel is to provide documents in advance of depositions scheduled for the first days of November, in advance of the November 11, 2016 submission date as to KeyCorp's preliminary injunction motion. The Consent Order as to Holland provides that "Holland's counsel shall provide Plaintiff's counsel with any and all objections to production, in writing, within 7 days after the date upon which all such forensic inspection results have been provided to Holland's counsel." Dkt. No. 57 at 3. At oral argument, Holland's counsel and KeyCorp's counsel agreed that final word that data from Holland's iPhone would be inaccessible came down on October 24, 2016. The Court agrees with Holland's counsel that Holland therefore has until October 31, 2016 to comply with the requirements of paragraph 9 of the Consent Order [Dkt. No. 57].

>    Holland's counsel also affirmed to the Court at oral argument that, as part of counsel's review of "all documents and information imaged and/or captured from Holland's computer networks, workstations, devices, and email accounts," *id.* at 2, Holland's counsel would review those documents and information for responsive to KeyCorp's First Set of Requests for Production of Documents to Holland and would provide KeyCorp with a document production and information as required by Rule 34(b)(2)(E) by October 31, 2016. Mbeteni's counsel likewise affirmed that she is engaged in the same process and will, within the time frame allowed for her review and objections to the copy of the documents, data, and information that are the results of the searches run by KeyCorp's forensic expert, pursuant to the search protocol attached to KeyCorp's opposition [Dkt. No. 70-6], pursuant to KeyCorp's forensic inspections of Mbeteni's computer networks, workstations, devices, and email accounts.
>    Under the circumstances, the Court will, pursuant to Rule 26(b)(1) and 26(b)(2), order Holland and Mbeteni to review the documents and information provided to them by KeyCorp's forensic expert within the time allowed by the relevant order [Dkt. Nos. 57 and 72], subject to any extensions to which KeyCorp agrees, and to provide to KeyCorp the documents and information as required by Rule 34(b)(2)(E) that is responsive to KeyCorp's First Set of Requests for Production of Documents to each defendant, subject to any objections that have been raised and are not overruled in this order, by the deadline provided for objections under the relevant order [Dkt. Nos. 57 and 72].
>    Mbeteni and Holland otherwise have ongoing supplementation obligations under Federal Rule of Civil Procedure 26(e)(1) to produce any responsive documents or information within their respective possession, custody, or control, and this order is entered without prejudice to KeyCorp's filing any future motion to compel.

Dkt. No. 87 at 20-24.

According to the Sanctions Motion, "[d]espite Key's numerous good faith attempts to complete discovery in this case, Mbeteni has refused to comply with his discovery obligations"; "[h]e failed to comply with this Court's Order of October 25, 2016 (Doc. No. 87) which, among other things, compelled Mbeteni's production of documents by no later than October 31, 2016"; "Mbeteni's failure to comply with the Order prevents Key from moving forward with this case, prevents Key from conducting

a meaningful deposition of Mbeteni, and prevents Key from conducting a meaningful deposition of Defendant Allison Holland"; and "Mbeteni's foot-dragging has increased the cost of this litigation in both dollars and time." Dkt. No. 91 at 3. KeyCorp "requests that this Court impose sanctions against Mbeteni, order appropriate compliance, and order Mbeteni to pay costs incurred by his noncompliance." *Id.*

According to KeyCorp, the October 26, 2016 Memorandum Opinion and Order [Dkt. No. 87] "provides that, to facilitate his production of documents, Mbeteni would – at his request – complete a review of documents generated through [KeyCorp's] forensic inspection of his computers, electronic devices, and webmail"; "[KeyCorp's] forensic consultant, BIA, had already made about 14,000 documents available to Mbeteni through a web-based review platform"; "Mbeteni agreed – and the Court ordered – that Mbeteni would finish reviewing the documents by October 31, coding the documents that are responsive and not privileged"; but "Mbeteni did not produce any documents to [KeyCorp] by the October 31, 2016 deadline." *Id.* at 4.

KeyCorp further explains that, "[o]n October 31, 2016, [KeyCorp's] forensic expert, BIA, reported that as of that afternoon Mbeteni had reviewed just 735 of the 14,000 documents hosted in BIA's database"; that, "[l]ater that day, at 8:25 p.m. Eastern Time, Mbeteni communicated to BIA that Mbeteni had located 175 documents to produce and wanted to start making a rolling production"; that, "[l]ater that night, [KeyCorp] advised Mbeteni that Mbeteni had produced no documents in violation of the Court's Order, which was not surprising since Mbeteni had reviewed fewer than 1,000 documents out the 14,000 documents in the database"; and that KeyCorp

"advised that it could not and would not depose Mbeteni on Friday, November 4, and had already agreed with Holland to reschedule her deposition (due to Mbeteni's discovery delay)." *Id.* at 5 (emphasis removed).

According to KeyCorp, "[o]n November 1, 2016, Mbeteni produced Martin Mbeteni's First Rolling Production To [KeyCorp's] Requests For Production ('First Rolling Production'), supplementing his response to Key's Document Request No. 8 only, but produced no documents to Key," and, "[a]ccording to the First Rolling Production, 'The specific documents with their control numbers as listed below shall be turned over to counsel for KeyCorp through KeyCorp's expert, BIA, as soon as BIA can produce them electronically through Relativity. Any future information that is responsive, shall be produced in the next rolling production on the 7th day from this production ….'" *Id.* (emphasis removed).

## Legal Standards

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient

party." FED. R. CIV. P. 37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

Rule 37(b) "empowers the courts to impose sanctions for failures to obey discovery orders." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). "Rule 37(b) clearly indicates that district courts have authority to grant a broad spectrum of sanctions." *Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993). "The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith*, 685 F.3d at 488 (internal quotation marks omitted).

"This discretion, however, is limited" based on the type of sanctions imposed. *Id.* "[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b) – striking pleadings or dismissal of a case." *Id.* (internal quotation marks omitted); *accord Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("We have repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of the last resort,' to be employed only when the failure to comply with the court's order results from wilfullness or bad faith rather than from an inability to comply. Nevertheless, deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction."

(footnote omitted)); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987) (explaining that, "if the refusal to comply results from honest confusion or sincere misunderstanding of the order, the inability to comply, or the nonfrivolous assertion of a constitutional privilege, dismissal is almost always an abuse of discretion."); *Tech. Chem. Co. v. IG-LO Prod. Corp.*, 812 F.2d 222, 224 (5th Cir. 1987) ("Entry of a default judgment is an appropriate sanction when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order."); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) ("[D]ismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply.").

But "[l]esser sanctions do not require a finding of willfulness." *Smith*, 685 F.3d at 488. "Of course, the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed," but "the lack of willful, contumacious, or prolonged misconduct [does not] prohibit[] all sanctions." *Chilcutt*, 4 F.3d at 1322 n.23. Even where a party was "unable to comply with the discovery requests, the district court still ha[s] broad discretion to mete out a lesser sanction than dismissal." *Id.* (emphasis removed). That is because "the type of conduct displayed by a party had no bearing on whether sanctions should be imposed, but only on the type of sanctions imposed," and "[t]he willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply." *Id.* (internal quotation marks omitted;

Case 3:16-cv-01948-D   Document 103   Filed 11/10/16   Page 12 of 19   PageID 1297

emphasis removed).

Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970). "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). Rule 37(b)(2) sanctions "must be both just and specifically related to the claim at issue in the discovery order." *Vicknair v. Louisiana Dep't of Pub. Safety & Corr.*, 555 F. App'x 325, 332 (5th Cir. 2014).

### Analysis

KeyCorp contends that "Mbeteni violated the [October 26, 2016 Memorandum Opinion and Order] by failing to produce documents" even though "Mbeteni was well aware of the October 31, 2016 deadline for providing documents to Key," where "this date was discussed and agreed to at the October 25, 2016 hearing and was made clear in the [October 26, 2016 Memorandum Opinion and Order]." Dkt. No. 91 at 7. KeyCorp further asserts that "the October 31 deadline was more than a month after Mbeteni should have produced these documents pursuant to the 15-day time frame originally set forth in the Court's September 15, 2016 order granting Key's Motion for Expedited Discovery and Rule 34 examination of computer systems as to Mbeteni (Doc. No. 56)" and that "Mbeteni has had sufficient notice and time to comply with the [October 26, 2016 Memorandum Opinion and Order]." *Id.*

According to KeyCorp, "Mbeteni's failure to produce documents has produced a

domino effect throughout the rest of the discovery process," where KeyCorp "is entitled to – and needs to – receive Mbeteni's documents to adequately prepare for Mbeteni's deposition" and where "not having Mbeteni's documents limits [KeyCorp's] ability to prepare for Holland's deposition," such that "[n]ot having these depositions ruins [KeyCorp's] ability to prepare for the submission date of the [Motion for Preliminary Injunction (Doc. No. 23)]" and, "[q]uite simply, Mbeteni's violation of the Order is holding up this entire case." *Id.* at 7-8.

KeyCorp finally contends that, "because Mbeteni's conduct is clearly deliberate and willful, [KeyCorp] is entitled to a monetary sanction, and fees and expenses incurred due to Mbeteni's failure to comply with the [October 26, 2016 Memorandum Opinion and Order]." *Id.* at 8. KeyCorp asserts that "Mbeteni's conduct is simply inscrutable"; that "Mbeteni continues to delay the discovery"; that "Mbeteni tried to sidetrack discovery since the beginning of this case" but now "Mbeteni is under the Order of the court"; and that "[h]is continuing intransigence seems purposeless"; but that, "[w]hatever Mbeteni's purpose or motive, the Court should enforce the [October 26, 2016 Memorandum Opinion and Order], compel Mbeteni's compliance, and impose sanctions against him." *Id.*

Mbeteni responds that the Sanctions Motion "is not properly before the court and should be stricken" and that he "opposes Plaintiff's Motion for Sanctions and asserts that KeyCorp should be sanctioned for making the intentional misstatements in this motion for the sole purpose of drawing the court's attention away from its failure to participate in the scheduling conference and inability to conduct the

expeditiously requested depositions." Dkt. No. 99 at 1. More specifically, Mbeteni contends that he "is working assiduously to comply with all orders of this court and to work within the agreements of all parties"; that, "[t]o this end, on October 31, 2016, Mbeteni designated to BIA – KeyCorp's experts, 2714 pages of documents for production to KeyCorp but BIA could not produce the documents until Chad Cooper – Counsel for KeyCorp gave the go ahead to produce"; and that "KeyCorp refused to accept production until November 3rd after it had filed this" Sanctions Motion. *Id.* at 1-2.

According to Mbeteni, "KeyCorp filed the Motion for Sanctions because Mbeteni refused to agree to Plaintiff's unilateral cancellation of the deposition or to participate in the slew of unplanned and hair-brained Motions to 'Amend/Correct' which KeyCorp has filed in flights of fancy within the last 8 days." *Id.* at 2. And Mbeteni asserts that the Court's October 26, 2016 Memorandum Opinion and Order [Dkt. No. 87] "required the parties to complete the forensic review in accordance with previous orders or as agreed to by the parties"; that "KeyCorp agreed to extend time for Martin Mbeteni to complete the review and for Martin Mbeteni to commence a rolling production"; that "Mbeteni commenced a rolling production by designation on October 31st, 2016 but KeyCorp refused to authorize its expert to begin the production of the documents until it had filed this frivolous and harassing motion"; and that "[i]t was not Martin Mbeteni who refused to produce documents but KeyCorp that refused to accept production until November 3rd, 2016." *Id.* at 3.

KeyCorp replies that it "complied with the conference requirement set forth in

Local Rule 7.1(b) by seeking a resolution with Mbeteni before filing the" Sanctions Motion and that "Mbeteni has fabricated an agreement with [KeyCorp] 'to extend time for Martin Mbeteni to complete the review and for Martin Mbeteni to commence a rolling production,'" where KeyCorp "has never agreed to extend Mbeteni's deadline for making a complete production beyond October 31, 2016, and [KeyCorp] has never agreed to a 'rolling production' with no end in sight." Dkt. No. 102 at 3, 5.

After carefully considering the parties submissions in connection with the Sanctions Motion and the undersigned's own familiarity with the proceedings leading up to the orders on the Motion for Protective Order in Favor of Lularoe for U by Ebonie and Jennifer™ or to Modify/limit the Order [Document 56] Scheduled to Be Enforced on October 4, 2016 [Dkt. No. 65], KeyCorp's Motion to Compel Defendant Holland's Responses to Plaintiff's Discovery Requests [Dkt. No. 76], and KeyCorp's Motion to Compel Defendant Mbeteni's Responses to Plaintiff's Discovery Requests [Dkt. No. 77], the Court determines that Mbeteni has violated the Court's October 26, 2016 Memorandum Opinion and Order [Dkt. No. 87] by failing to complete to fully "review the documents and information provided to them by KeyCorp's forensic expert within the time allowed by the relevant order [Dkt. Nos. 57 and 72], subject to any extensions to which KeyCorp agrees, and to provide to KeyCorp the documents and information as required by Rule 34(b)(2)(E) that is responsive to KeyCorp's First Set of Requests for Production of Documents to" Mbeteni by October 31, 2016. Dkt. No. 87 at 24.

The record does not support Mbeteni's assertion that KeyCorp extended the October 31 deadline, where Mbeteni reports that an agreement to a rolling production

beyond that date was apparently reached during the October 25, 2016 oral argument. But no such agreement was reached during that oral argument, in which KeyCorp's counsel participated only by telephone, and, in any event, the Court's October 26, 2016 Memorandum Opinion and Order [Dkt. No. 87] did not order or authorize Mbeteni to comply beyond October 31, 2016. That order made clear that "the Court's orders permit KeyCorp to serve document requests and, separately, to engage in forensic inspections"; that, "[i]n the face of those orders, neither Holland nor Mbeteni have shown that the discovery sought through the document requests served on each of them is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; and that Mbeteni would be permitted to review and produce, by October 31, from the search results from the forensic image only because "the motivation for these motions to compel is to provide documents in advance of depositions scheduled for the first days of November, in advance of the November 11, 2016 submission date as to KeyCorp's preliminary injunction motion." *Id.* at 22, 23.

Under these circumstances, the Court finds that Mbeteni violated the Court's October 26, 2016 Memorandum Opinion and Order [Dkt. No. 87], without substantial justification, by failing to fulfill his discovery obligations by October 31 as this Court ordered him to do (and as his counsel committed to doing at the October 25 oral argument) and that Rule 37(b)(2) sanctions that are just and specifically related to the matter at issue in the discovery order are warranted.

The Court further determines that KeyCorp adequately conferred before filing

the Sanctions Motion and that further conferring would not have avoided the need for the motion where Mbeteni disagreed that he was out of compliance with the Court's order and would not agree to proposals to extend deadlines and move depositions to avoid the need for filing the motion. And the Court determines that, on this record and under the circumstances, there is no basis for sanctions against KeyCorp. Any unhappiness or frustration that Mbeteni may have at KeyCorp's having sued him, seeking preliminary injunctive relief, and seeking (and having obtained) authorization for expedited discovery have no bearing on what the Court's October 26, 2016 Memorandum Opinion and Order [Dkt. No. 87] required and whether Mbeteni has complied with that discovery order. Neither does KeyCorp's having filed motions to extend certain deadlines. As to Mbeteni's suggestion that KeyCorp should be sanctioned based on the parties' not having conferred on s scheduling proposal, the Court further notes that KeyCorp's request to extend the due date for the parties' scheduling proposal has now been granted. *See* Dkt. No. 101.

The Court determines that the least severe sanction adequate to achieve Rule 37(b)(2)'s purposes of reimbursing KeyCorp and deterring violations of the Court's discovery orders is to order (1) that Defendant Martin Mbeteni must produce all responsive documents as ordered in the Court's October 26, 2016 Memorandum Opinion and Order [Dkt. No. 87] by no later than **November 21, 2016**, in order to permit depositions of Defendants Martin Mbeteni and Allison Holland by December 14, 2016; (2) that Section 4 of the September 15, 2016 Consent Order Granting Motion for Expedited Discovery & Motion for Rule 34 Examination of Computer Systems as

to Defendant Allison Holland [Dkt. No. 57] is amended to provide that the Motion for Preliminary Injunction [Dkt. No. 23] shall be deemed submitted for decision on **December 19, 2016**; and (3), finding that no other circumstances make an award of expenses unjust, that Defendant Martin Mbeteni's counsel must pay the reasonable expenses, including attorneys' fees, that Plaintiff KeyCorp incurred in preparing and filing of its Motion for Sanctions Against Defendant Martin Mbeteni [Dkt. No. 91].

Northern District of Texas Local Civil Rule 7.1 requires that parties confer before filing an application for attorneys' fees. KeyCorp's counsel and Mbeteni's counsel are directed to confer by telephone about the reasonable amount of these attorneys' fees and costs to be awarded under Rule 37(b)(2)(C) as outlined above. Any attorney refusing to confer as directed will be subject to sanctions.

By no later than **December 28, 2016**, KeyCorp and Mbeteni must file a joint status report notifying the Court of the results of the conference. If all disputed issues as to the amount of attorneys' fees and costs to be awarded to KeyCorp have been resolved, KeyCorp's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **December 28, 2016**.

If the parties do not reach an agreement as to the amount of attorneys' fees and costs to be awarded to KeyCorp , KeyCorp must, by no later than **January 4, 2017**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the attorneys' fees and costs (as described above) to be awarded under Rules 37(b)(2)(C). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed

billing records, and citations to relevant authorities and shall set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37).

If an application is filed, Mbeteni must file any response by **January 25, 2017**, and KeyCorp must file any reply by **February 8, 2017**.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS Plaintiff KeyCorp's Motion for Sanctions Against Defendant Martin Mbeteni [Dkt. No. 91].

SO ORDERED.

DATED: November 10, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE